UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **MANISHA PATEL, M.D.** | : | Case No. |
| 3140 Legacy Trace | : | |
| Cincinnati, Ohio 45237 | : | **Judge** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| vs. | : | |
| | : | |
| **BON SECOURS MERCY HEALTH /** | : | **COMPLAINT AND** |
| **MERCY HEALTH PHYSICIANS** | : | **JURY DEMAND** |
| **CINCINNATI, LLC** | : | |
| 1701 Mercy Health Place | : | |
| Cincinnati, Ohio 45237 | : | |
| | : | |
| **Defendant.** | : | |

## INTRODUCTION

1. This is an action for sex, race, religious, and national origin discrimination in violation of Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e-2 and O.R.C. § 4112.02 (A) and O.R.C §4112.99; retaliation in violation of 42 U.S.C. § 2000e-3 and O.R.C. § 4112.02 (A) and O.R.C §4112.99; discrimination in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C §621 *et seq*; and wrongful termination in violation of the public policy of the state of Ohio.

## JURISDICTION AND VENUE

2. The jurisdiction of this court is invoked pursuant to 28 U.S.C. §1331 as there is a federal question. The court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. §1367.

1

3. Defendant's principal place of business is in this District and all acts complained of occurred in this District.

**FACTS**

4. Plaintiff is a Board-Certified Cardiovascular Surgeon. She is female and is 56 years old. Plaintiff is of Asian descent, was born outside the United States, and is Hindu.

5. Plaintiff belonged to a private Cincinnati cardiovascular group from September 2002 to December 2014. During that time, she regularly operated at hospitals that were part of what was then known as Catholic Heath Partners, which later became Mercy Health and then Bon Secours Mercy Health. Bon Secours Mercy Health receives federal funding and enjoys nonprofit tax status.

6. Plaintiff was recruited by Bon Secours Mercy Health / Mercy Health Physicians Cincinnati, LLC (Defendant) at the end of 2014. Plaintiff began her employment with Defendant on January 1, 2015. She held the position of Cardiovascular Surgeon in the Department of Surgery. She also served as the Director of Cardiovascular Surgery at Mercy West Hospital.

7. Plaintiff was fully qualified for her position and was the only female Cardiovascular Surgeon in the Bon Secours Mercy Health System Cincinnati region.

8. Plaintiff provided dedicated and exceptional service for Defendant. Plaintiff has a history of excellent performance. Plaintiff has never been reprimanded, sanctioned, or disciplined by any licensing board or hospital medical staff. Plaintiff has never been denied medical privileges or had her privileges suspended, curtailed, or

revoked by any hospital medical staff. Plaintiff has never been the subject of any report or disclosure submitted to the National Practitioner Data Bank.

9. Plaintiff represented Defendant in multiple marketing campaigns at Defendant's request, including promotions broadcast on radio, television, and the Internet. Plaintiff was featured on the cover of *Cincinnati Magazine's* "Top Doctors" edition in January 2019.

10. In 2022, Plaintiff was elected by her peers as the Chief of Staff at Mercy West Hospital.

11. Prior to 2022, Bon Secours Mercy Health System operated four Cardiovascular Surgery programs in the Cincinnati region. They were located at Mercy Anderson Hospital, Mercy Fairfield Hospital, Jewish Hospital, and Mercy West Hospital. Plaintiff routinely worked at all four locations, although primarily at Mercy West Hospital when it opened in 2013.

12. On about September 26, 2022, Plaintiff was informed that Defendant would close two of the four Cardiovascular Surgery programs effective March 31, 2023. No specifics were provided at the time.

13. On October 27, 2022, the Chief Operating Officer and the Chief Medical Officer for Mercy Health Physicians Cincinnati, LLC notified Plaintiff that she would be terminated effective March 30, 2023. Until then, Plaintiff's employment would continue with full surgical privileges, including Cardiovascular Surgery. The Chief Operating Officer provided little information about the decision but told Plaintiff it was not based on her performance.

14. During the meeting, the Chief Operating Officer offered Plaintiff a position as a Thoracic Surgeon starting on March 31, 2023. There was no job description. The position did not include Cardiovascular Surgery and was at a substantially reduced rate of pay.

15. On November 18, 2022, Defendant replied to Plaintiff's request for a job description with a four-sentence response, the last of which stated, "Thoracic Surgeon, though primary role will be Thoracic Surgery, will also cover back-up Cardiac Surgery call as experience permits at all Mercy Cincinnati Hospitals, and respond to emergency Cardiac Surgery needs at both Mercy West Hospital and Mercy Jewish Hospital (EP emergencies for example)"

16. On November 21, 2022, Plaintiff formally contested the decision to terminate her employment. Plaintiff wrote to the Defendant's Ethics Committee per the Bon Secours Mercy Health grievance process, as well as over a dozen of Defendant's executives, including the Presidents of Mercy Fairfield, Anderson, West, and Jewish Hospitals. Among other things, Plaintiff noted that all of the male Cardiovascular Surgeons on staff, including those with much less experience, had been treated more favorably than her.

17. Plaintiff also objected to Defendant's plan to continue performing cardiac procedures at Mercy West and Jewish Hospitals that would be prohibited under Ohio Administrative Code Rule 3701-84-30.2 (C) since, due to the lack of on-site open heart surgery services, both hospitals would no longer be Level III cardiac catheterization facilities.

18. Defendant did not acknowledge Plaintiff's letter.

19. On November 22, 2022, Plaintiff advised Defendant that she was not going to accept its incompletely-defined offer to work only as a Thoracic Surgeon with reduced pay.

20. The removal of Plaintiff's Cardiovascular Surgery responsibilities effective on March 30, 2023 was discriminatory and without cause. An American-born male Caucasian Cardiovascular Surgeon, whose Cardiovascular Surgery program was also closing, was offered a Cardiovascular Surgery position at Mercy Fairfield. In addition, Defendant retained an American-born male Caucasian Cardiovascular Surgeon who was under 40 years of age, had less than two years of post-training experience, and who had only been hired in March of 2022. Defendant also retained a male Cardiovascular Surgeon who had been disciplined by the Medical Executive Committee.

21. Plaintiff continued to express her interest in returning to employment with Defendant after March 30, 2023 as a Cardiovascular Surgeon. Plaintiff applied for an advertised opening at Defendant's program on or about February 2, 2023. Defendant did not acknowledge Plaintiff's application.

22. Plaintiff performed Cardiovascular Surgery until her final day of employment on March 30, 2023.

23. Plaintiff filed a charge of discrimination and retaliation with Equal Employment Opportunity Commission (EEOC) on April 6, 2023.

24. On about April 16, 2023, the male Caucasian surgeon at the other closed Cardiovascular Surgery program submitted his resignation, creating an opportunity for Defendant to place Plaintiff at Mercy Fairfield as a Cardiovascular Surgeon. Defendant refused to do so.

25. Rather than rehire or reinstate Plaintiff, in August of 2023, Defendant hired an American-born Caucasian male as a Cardiovascular Surgeon at Fairfield.

26. At about the same time, Defendant hired a female Caucasian Cardiovascular Surgeon at Fairfield who was under 40 years of age. She had only about two years of post-training experience at the time Defendant hired her.

27. On about October 12, 2023, a male Cardiovascular Surgeon at another of Defendant's Cincinnati region Cardiovascular Surgery programs submitted his resignation, creating an opportunity for Defendant to place Plaintiff at that hospital as a Cardiovascular Surgeon.

28. Plaintiff continued to express her interest in returning to employment with Defendant as a Cardiovascular Surgeon. Plaintiff applied for an advertised opening at Defendant's program on or about November 3, 2023. Defendant did not acknowledge Plaintiff's application.

29. Defendant continues to advertise an opening for a Cardiovascular Surgeon as of the date of this filing.

30. In its October 17, 2023 response to Plaintiff's EEOC charge, Defendant alleged that Plaintiff was selected for reduction in pay and duties because the surgical outcomes at Mercy West Hospital were poor in comparison to those of Defendant's other three Cincinnati region hospitals. The information upon which Defendant relied is affected by many factors other than the quality of the Cardiovascular Surgeon. In any event, data shared with the Plaintiff in November 2022 documented that the outcomes at the Mercy West Hospital Cardiovascular Surgery program were comparable to those at the other Cardiovascular Surgery program that was slated for closure. As set forth above,

6

the American-born Caucasian male Cardiovascular Surgeon at that hospital was offered a transfer to Mercy Fairfield. Neither his pay nor the scope of his surgical responsibilities was reduced.

31. Plaintiff has exhausted her administrative remedies. Plaintiff filed a charge of discrimination, and the EEOC issued a notice of right to sue on or after October 26, 2023.

### COUNT I
### (Discrimination in violation of Title VII and O.R.C. Chapter 4112)

32. Paragraphs 1-31 are incorporated herein as if completely restated.

33. Defendant discriminated against Plaintiff because of her race, color, sex, national origin, and religion in violation of 42 U.S.C § 2000e-2 and O.R.C. §4112.02 (A) and O.R.C. §4112.99. Plaintiff is a member of the foregoing protected classes. Her performance was satisfactory. Plaintiff was terminated and has been treated less favorably than her Caucasian, male, American-born and non-Hindu peers. Defendant further discriminated against Plaintiff based on her sex, origin, color, and religion by refusing to rehire her for available positions and hiring an American-born Caucasian male instead.

34. Defendant's stated reason for its adverse treatment of Plaintiff is pretextual.

### COUNT II
### (Age discrimination in violation of the ADEA and O.R.C. Chapter 4112)

35. Paragraphs 1-34 are incorporated herein as if completely restated.

36. Defendant has discriminated against Plaintiff because of her age in

violation of the ADEA, O.R.C. § 4112.02 (A), and O.R.C. §4112.99. Plaintiff was in the protected class; her performance was satisfactory; she was terminated; and she has been treated differently than a similarly situated substantially younger employee who retained his position throughout the reorganization and elimination of two Cardiovascular Surgery programs. Further, in August of 2023, Defendant hired a less qualified younger Cardiovascular Surgeon instead of Plaintiff.

### COUNT IV
### (Retaliation in violation of
### Title VII and O.R.C. Chapter4112)

37. Plaintiff incorporates Paragraphs 1-36 as if fully restated.

38. Plaintiff engaged in protected conduct in November of 2022 when she complained about the discriminatory treatment she experienced and in April of 2023 when she filed a charge with the EEOC. Defendant retaliated against Plaintiff thereafter by, among other things, refusing to rehire or reinstate her when another Cardiovascular Surgeon resigned, and by refusing to rehire her in August of 2023 when it filled two Cardiac Surgeon positions at Mercy Fairfield. Defendant's conduct violated 42 U.S.C. § 2000e-3, O.R.C. § 4112.02(I), and O.R.C. § 4112.99.

### COUNT V
### (Retaliation in violation of
### Ohio Public Policy)

39. Plaintiff incorporates Paragraphs 1-37 as if fully restated.

40. It is a clear and important public policy of the state of Ohio, as set forth in Ohio Admin. Code Rules 3701-84-30.2 and 3701-84-30.3, that the serious cardiovascular procedures described therein only be performed by qualified providers at facilities with proper resources and staff.

41. Plaintiff opposed Defendant's plan to continue to perform procedures prohibited by Ohio Amin. Code Rule 3701-84-30.2 (C) at Mercy West despite its anticipated reduced Level II designation.

42. Plaintiff further objected to Defendant's plan to have Plaintiff, although limited to Thoracic surgery, cover cardiac emergencies at Mercy West and Jewish Hospital, despite their Level II designation and the removal of Plaintiff's duties as a Cardiovascular Surgeon.

43. Defendant's failure to retain or rehire Plaintiff following her good faith concerns that Defendant would be violating Ohio Admin. Code Rule 3701-84-30.2 (C) and threatening patient safety jeopardizes and undermines the important public policy set forth in the Rule.

44. Defendant's refusal to retain or rehire Plaintiff was motivated by her opposition to Defendant's conduct described above.

45. There was no overriding legitimate business reason for Defendant's refusal to retain or rehire Plaintiff as a Cardiovascular Surgeon following her expressed concern about Defendant's plan to engage in conduct that would violate Ohio Admin. Rule 3701-84-30.2 (C).

46. Defendant has taken adverse employment actions against Plaintiff in violation of the public policy of the state of Ohio.

47. As a result of the foregoing conduct, Plaintiff has suffered a loss of income and fringe benefits. Plaintiff has further suffered emotional distress and mental anxiety, and damage to her reputation.

48. Wherefore, Plaintiff requests the following relief:

    a.    reinstatement or front pay in lieu thereof;

    b.    damages for lost income and benefits;

    c.    compensatory damages;

    d.    prejudgment interest;

    e.    punitive damages;

    f.    reasonable attorneys fees and expenses; and

    g.    all other legal and equitable relief to which she is entitled.

49.    Plaintiff demands a trial by jury on all issues triable to a jury.

Respectfully submitted,

s/ David Torchia
David Torchia (0015962)
Tobias, Torchia & Simon
600 Vine Street, Suite 910
Cincinnati, OH 45202
(513) 241-8137
Attorney for Plaintiff
davet@tktlaw.com